## iUNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Herson Antonio Guerra Guerra <br> A215-999-322 <br>            Petitioner <br><br> V. <br><br> Pam Bondi, Attorney General; <br> Kristi Nome, Secretary of Homeland Security; Todd Lyons, Acting Director Immigration Customs and Enforcement; Michael J. Krol, Homeland Security Investigation New England Special Agent in Charge; Patricia Hyde, ICE Enforcement and Removal Operations Boston Acting Field Office Director, and Chris Brakett, Superintendent, Stafford County Department of Corrections <br><br>            Respondent | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## PETITION FOR AN EMERGENCY STAY OF TRANSFER

### INTRODUCTION

1. Petitioner, Herson Antonio Guerra Guerra by and through his undersigned counsel, respectfully moves for an emergency hearing at the earliest possible time on the accompanying Petition's Emergency Stay of Transfer. This memorandum explains the reasons why an immediate hearing is necessary and sets forth the legal justification for issuance of the Emergency Stay.

1

2. Emergency consideration of this request is sought to enjoin Respondent from transferring the Petitioner outside of jurisdiction of New Hampshire or the First Circuit.

3. In support of this petition the Petitioner is detained by the Immigration and Customs Enforcement branch ("ICE") of the Department of Homeland Security ("DHS") and is currently being held at the Strafford County Corrections, Dover, New Hampshire, and under the jurisdiction of the First Circuit Court.

4. On August 18, 2025, Boston Police obtained a warrant to arrest Petitioner.

5. On Friday, August 22, 2025, Petitioner voluntarily went to the East Boston Court House to remove a warrant. The warrant was removed.

6. Petitioner was then arraigned for Armed Robbery with a Mask and Assault and Battery with a dangerous weapon, shod foot.

7. After the arraignment and upon leaving the East Boston District Court on personal recognizance, Petitioner was detained by ICE.

8. On Saturday, August 23, 2025, Petitioner was removed from the Commonwealth of Massachusetts and transported to New Hampshire, Strafford County Corrections.

## JURISDICTION

9. This action arises under the Constitution of the United States. The Sixth Amendment guarantees meaningful access to counsel... where deprivation of such access would undermine the fairness of the process." *United States v. West*, 877 F.2d 281, 286 (4th Cir. 1989). Petitioner is presently in custody under the color of the authority of the United States. and any such transfer maybe in violation of the Constitution, laws, or treaties of the United States. See *Zadvydas v. Davis,* 533 U.S. 678 (2001). This Court may grant

relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

10. Venue is proper because in this district the facility where Petitioner is detained is within the territorial jurisdiction of this court.

## PARTIES

11. Petitioner is being detained by the Immigration and Customs Enforcement ("ICE"), within the Department of Homeland Security (DHS), Respondent Todd Lyons is in charge of ICE. Respondent Kristi Noem as the Secretary of Homeland Security has authority over all component of DHS. These Respondents exercise power and authority over aliens on a nationwide basis and are the custodians of Petitioner. Michael J. Krol is Homeland Security Investigations New England Special Agent in Charge and exercises power and authority over aliens for the New England Region. Patricia Hyde, ICE Enforcement and Removal Operations Boston Acting Field Office Director. She is responsible for Petitioner's arrest. Chris Brackett is the Superintendent of the Stafford County Corrections where Petitioner is currently detained. Respondent Pam Bondi as the Attorney General of the United States continues to exercise unique power over the affairs of aliens, particularly with regard to the apprehension, detention, and removal. (See 8 U.S.C. §1103(a)(1); 8. U.S.C. §1222(a); 8. U.S.C. §1226(a) and (c); and 8. U.S.C. §1231(a)(2) and (6)).

12. Exhaustion is not required where (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.: *Howell v. INS* 72 F. 3d 288, 291 (2d Cir. 1995). All four circumstances are present in this case. Moreover, exhaustion may be exercised if "the interest of the individual in retaining prompt access to a federal judicial forum [outweigh] countervailing institutional interests favoring exhaustion McCarthy, 503 U.S. at 146.

## FACTUAL BASIS

13. Petitioner was taken, into ICE custody on August 22, 2025, while leaving the East Boston Court House.
14. Petitioner has been arraigned on Armed Robbery with a Mask and Assault and Battery with a dangerous weapon, shod foot.
15. Petitioner has a pre-trial conference scheduled for October 1, 2025, at East Boston District Court.
16. Due to the seriousness of the allegations, Petitioner needs access to counsel and legal resources to assistant in his defense.
17. Petitioner has an approved Special Juvenile Immigration Petition and pending asylum application.
18. Petitioner may face harm, persecution, or torture if removed to El Salvador.

## CLAIMS FOR RELIEF

19. While ICE has broad discretionary authority to transfer detainees between facilities (see *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1440 (9th Cir. 1986)), that discretion is not unfettered, particularly when it infringes on constitutional rights, disrupts legal proceedings, or imposes unnecessary hardships. Petitioner is concerned ICE will transfer Petitioner outside this jurisdiction depriving Petitioner of his due process rights, access to his attorney (criminal) and thus unable to provide assistance to defend against the alleged charges.

20. ICE may make efforts to transfer Petitioner to another jurisdiction or effectuate removal. Such transfer or removal would interfere with this Court's jurisdiction and Petitioner's access to judicial review.

21. Petitioner's removal from this jurisdiction will prevent him having the reasonable opportunity to consult an attorney of his choice.

22. Petitioner's legal relationship with counsel and ongoing case preparation would be significantly disrupted.

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioner respectfully requests that this Court:

23. Enjoin Respondents from transferring or removing Petitioner from New Hampshire and/or the United States during the pendency of this action;

24. Order Respondent to have Petitioner remain within the jurisdiction of the Boston Immigration Court.

25. Grant such other relief as the Court deems just and proper.

Respectfully submitted this 26th day of August 2025.

*Nancy B. Norman*

Nancy B. Norman (BBO #545396)
Horrigan and Norman
330 Lynnway
Suite 111
Lynn, MA 01901
Tel: (781)-592-4666
E-mail: nancy@horrigannorman.com

**CERTIFICATE OF SERVICE**

I, Nancy B. Norman, attorney for the Respondent, certify that I have served a true copy of the within documents to the following:

Office of the United States Attorney – District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
150 Apollo Drive, Suite 200
Chelmsford, MA 01824

ICE Enforcement & Removal Operations
Boston Field Office
1000 District Avenue
Burlington, MA 01803

Via ECF/ECAS, on this 26th day of August 2025.

_Nancy B. Norman_
Nancy B. Norman (BBO #545396)
Horrigan and Norman
330 Lynnway
Suite 111
Lynn, MA 01901
Tel: (781)-592-4666
E-mail:nancy@horrigannorman.com